**Commonwealth v. Maylone**

140

*Albert J. Dudash, Jr.*, for appellant.

*John A. Caputo*, Deputy Attorney General, for Commonwealth.

KLEIN, J., September 28, 1972.—This matter is before the court upon the appeal of Raymond Lee Maylone from an order of the Secretary of Transportation suspending his operator's license for six months based upon a violation of section 624.1(a) of The Vehicle Code, "Refusal to submit to chemical test of breath 05-03-72." The matter came on for hearing and from the evidence, we make the following

## FINDINGS OF FACT

1. Appellant is a citizen of the Commonwealth of Pennsylvania and resides at 626 Kaye Avenue, Monaca, Beaver County, Pa., and formerly had his residence at 1014 Washington Avenue in said Borough of Monaca.

2. Appellant is duly licensed to operate motor vehicles in the Commonwealth.

3. On May 3, 1972, at approximately 4:55 a.m., appellant, while operating a motor vehicle in said borough, was pursued and later confronted by Sgt. Conti of the Monaca Police Department.

4. Sgt. Conti's attention had been drawn to the vehicle while its motor was being "revved up" in the vicinity of the police station, and the subsequent

"peeling" of the tires, all of which created loud noises.

5. Appellant was placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor.

6. Appellant was requested to submit to a chemical test of the blood by having blood withdrawn from his body at the Rochester Hospital.

7. Appellant was advised that his refusal to submit to such test may result in the suspension of his operator's privilege.

8. Appellant was physically able to supply enough breath to complete a chemical test of his breath for the purpose of determining the alcoholic content of his blood but no such test was proffered.

9. Appellant refused to take the test involving the withdrawal of blood for a chemical analysis.

10. As a result of said refusal to take the test, his operator's license was suspended.

11. The official notification of the withdrawal of motor vehicle privileges, the certification statement of appellant's driving record on file with the Department and the report of refusal to submit to chemical test to determine intoxication all contain and refer to a "refusal to take the chemical test of breath."

## DISCUSSION

Said section 624.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §624.1(a) provides:

"Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: . . . If any person is placed under

arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons."

And subsection (f) of section 624.1 provides as follows:

"If for any reason a person is physically unable to supply enough breath to complete a chemical test a physician or a technician acting under his direction may withdraw blood for the purpose of determining the alcoholic content therein. Consent is hereby given by such persons. The chemical analysis of the blood taken under these circumstances shall be admissible in evidence."

The remaining subsections deal primarily with the use of test results and the refusal to take tests as evidence in a criminal proceeding where "operating under the influence" is charged and have absolutely nothing to do with the suspension of operating privileges.

Therefore, the question before us is, may the secretary suspend the privileges of an operator for refusing to take a chemical test of the blood when the operator is physically able to supply enough breath to complete a chemical test of his breath and no such test is given or proffered by the arresting officer?

We must conclude that the secretary has no such authority. The only possible basis for concluding

otherwise would be an abstract reading of that sentence in subsection (a) which states:

"If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing."

and such a conclusion is impermissible by the rules of construction contained in the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1, 46 PS §501, et seq., because it would require us to ignore subsection (f).

Section 51 of said act, 46 PS §551, provides:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions. . . ."

Section 52, 46 PS §552, provides, in part,

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . .

"(2) That the Legislature intends the entire statute to be effective and certain; . . ."

And, section 58, 46 PS §558, provides:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: (1) Penal provisions; . . ."

Reading the provisions of the statute in question as a whole and keeping in mind the rules of interpretation and construction above-noted, we must conclude that a suspension is not authorized in these circumstances.

We feel constrained to mention, however, that under the general rules of evidence, had the blood test been given, the results may have been admissible as evidence in an appropriate criminal proceeding. It should also be noted that a conviction in such a criminal proceeding would result in mandatory revocation of privileges.

However, we are here concerned only with the suspension of the operator's privileges based upon a refusal to submit to a chemical test of the blood.

In the case of Commonwealth v. Klinedinst, 82 York 198, the court held:

"It seems equally clear that the operation constitutes consent to a withdrawal of blood for a blood test only where the circumstances exist which would permit a chemical test of the breath and the person is unable to supply sufficient breath for that purpose."

Interestingly enough, in the recently reported case of Commonwealth v. Smith, Jr., 6 Comm. Ct. 78 (1972), the court held that the secretary may suspend an operator's license upon refusal to take the chemical test of breath despite the fact that the licensee subsequently consented to submit to a blood test and the same was administered. The court below had sustained the operator's appeal on the basis of section 51 of the Statutory Construction Act, holding that the purpose of the act had been fulfilled. The Commonwealth Court determined that such an approach was foreclosed by the same section 51 where it provides:

"When the words of a law are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": 46 PS §551.

## CONCLUSIONS OF LAW

1. The action of the Secretary of Transportation in

suspending appellant's operating privileges was invalid and improper.

2. The appeal from the suspension must be sustained.

### ORDER

And now, this September 28, 1972, the suspension order of the Secretary of Transportation entered against Raymond Lee Maylone on May 31, 1972, is overruled, the appeal is sustained and the petitioner's operator's privileges are hereby reinstated.